UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RICKY LEE JACKSON** | : | **DOCKET NO. 22-cv-02380** |
| **REG. # 18917-030** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **USA, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus, 28 U.S.C. § 2241, (doc. 1), filed by Ricky Lee Jackson, who is proceeding pro se in this matter. Jackson is a prisoner in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana. On December 6, 2022, petitioner was ordered to amend to provide proof of exhaustion. Doc. 6. He did so on December 22, 2022. Doc. 7.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

I.
**BACKGROUND**

Jackson brings this petition asking this Court to begin his federal sentence on December 7, 2018, when he contends that he "became part of the federal custody in the BOP." Doc. 1, p. 7. Specifically, he sets forth that on November 15, 2018, it was determined he had met the obligations of the Iowa Board of Parole for a release. Doc. 7, att. 1, p. 3. His release was allegedly effective December 3, 2018; however, he did not leave that day because there was a federal hold. *Id*. He contends that he was picked up by the U.S. Marshals on December 7, 2018, the date on which he

alleges his federal time should begin. *Id*. He asks for prior custody credit from December 7, 2018, through June 15, 2020, the time he was on a Federal Writ of Habeas Corpus Ad Prosequendum. Doc. 7, att. 1, p. 12.

Jackson exhausted this claim through the BOP. The Regional and Central Office responses indicate that Petitioner was arrested by Iowa state authorities on May 11, 2018, on charges of possession of a controlled substance, absence from custody, and parole violations. Doc. 7, att. 1, pp. 9, 12. On May 16, 2018, his parole was revoked, and he was returned to prison as a result of the parole violations. *Id*. On June 8, 2018, he was sentenced to twenty-days imprisonment with credit for twenty days served on the charge of absence from custody. *Id*. at p. 12. On June 11, 2018, he was sentenced on the possession charge to a term of five years imprisonment. *Id*. He received credit toward his state sentence beginning on May 11, 2018. *Id*.

On December 7, 2018, while in state custody, Jackson was borrowed from state custody pursuant to a federal writ. *Id*. On August 27, 2019, he was sentenced in the United States District Court for the Northern District of Florida, to a 96-month term of imprisonment on a charge of possession of a firearm and ammunition by a convicted felon. *Id*. at p. 12. The federal judgment was ordered to run consecutively to the state sentences. *Id*. According to the Iowa Department of Corrections, he was paroled to exclusive federal custody on June 16, 2020. *Id*.

The Central Office addressed Jackson's claim that he had already satisfied his Iowa Department of Corrections sentences as of December 3, 2018, noting that documentation from the Iowa DOC indicates the time in question (December 7, 2018 through June 15, 2020) was spent serving his Iowa sentences. *Id*.

## II.
### LAW & ANALYSIS

#### A. Screening of Habeas Corpus Petitions

A district court may apply any and all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

#### B. Section 2241

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Under 18 U.S.C. § 3585(b), the authority to grant or deny credit for time served is specifically reserved to the United States Attorney General and delegated to the Bureau of Prisons. *United States v. Wilson*, 112 S.Ct. 1351, 1353–54 (1992); *see also United States v. Jack*, 566 Fed. App'x 331, 332 (5th Cir. 2014). The federal sentencing court, however, may order a term of imprisonment to run concurrently or consecutively with an anticipated but not yet imposed state sentence. *United States v. Hernandez*, 234 F.3d 252, 256 (5th Cir. 2000).

### C. Application to Jackson's Petition

There is no statute that provides a prisoner the right to have time served on a state sentence credited to his federal sentence. *Curlin v. Cockrell*, 2002 U.S. Dist. LEXIS 27861, *13 (N.D. Tex. July 12, 2002). Moreover, "[w]ell-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively *unless* the district court specifically orders that they run concurrently." *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003); *see* 18 U.S.C. § 3584(a). This rule applies even if the state court sentence is still merely anticipated rather than imposed. *Branch v. Pearce*, 2015 WL 3936166, at *3–*4 (W.D. Tex. Jun. 26, 2015) (citing *Hunter*, 622 F.3d at 428–31 & n. 4 (5th Cir. 2010)). Petitioner, furthermore, is entitled to no "credit for time served in state custody . . . for the period served under the state sentence prior to [a] judgment remanding him to federal custody." *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1988). Prisoners are "ordinarily not" given credit toward their federal sentences for time spent "serving a sentence imposed by another jurisdiction for an unrelated offense." *Shaw v. Smith*, 680 F.2d 1104, 1106 (5th Cir. 1982).

"Even assuming that [petitioner's] state and federal convictions arose from the same acts, [§ 3585] does not require a credit for time served on the state charges." *Shillingford*, 586 F.2d 472, 374 (5th Cir. 1978). It is constitutionally permissible for the state and federal governments to each impose a sentence on a defendant based on the commission of a single act constituting offenses under both state and federal law. *Id. (citing Abbate v. United States*, 79 S. Ct. 666 (1959); *Bartkus v. Illinois*, 79 S. Ct. 676 (1959); *Brown v. United States*, 551 F.2d 619, 620 (5th Cir. 1977); *Hill v. Beto*, 390 F.2d 640 (5th Cir. 1968)). Moreover, the sentences imposed may run consecutively;

neither the Constitution nor § 3568 requires the sentences to be concurrent. *Id. (citing United States v. Williams*, 487 F.2d 215 (5th Cir. 1973), *cert. denied*, 94 S. Ct. 1949 (1974); *See Jackson v. Attorney General of the United States*, 447 F.2d 747, 749 (5th Cir. 1971)).

The federal judgment in this smatter was ordered to run consecutively to the state sentences. Because petitioner was "borrowed' during the time period in question, he is not entitled to sentence credit.

### III.
#### CONCLUSION

For the reasons provided above,

**IT IS RECOMMENDED** that the petition should be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Proceedings in the United States District Courts.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 1st day of February, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE